IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NICHOLAS COOPER, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:18-cv-268 |
| POWER SWEEP, LLC and KEITH MILLER, Individually | § § § § | |
| Defendants. | § § § § § § § | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Nicholas Cooper, individually and on behalf of all others similarly situated files this Original Collective Action Complaint, and states:

### I.   SUMMARY

1.   This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff routinely worked in excess of 40 hours per week on Defendants' behalf but was not paid lawfully for doing so because Defendants paid Plaintiff and other similarly-situated workers on a day rate basis without regard to their actual hours of work. Plaintiff files this suit on behalf of himself and all other similarly-situated former and current workers.   Defendants' actions in failing to pay Plaintiff and its other workers overtime in violation of the FLSA were "willful."

### II.   PARTIES

2. Plaintiff Nick Cooper. ("Plaintiff") is an individual and his Consent to proceed in this action is attached as "Exhibit A."

3. The Plaintiff and "Class Members" are Defendants' current and former workers who were paid on a day rate basis.

4. Defendant Power Sweep, LLC does business and is headquartered in this District and can be served with process through its registered agent, Kelly Miller, who may be served wherever she may be found.

5. Defendant Keith Miller is an individual who may be served wherever he may be found.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the Parties resides in this District.

### IV. COVERAGE

8. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce,

or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendant Power Sweep, LLC is a parking lot sweeping business and does business throughout Texas. Defendant earns over $500,000.00 per year in gross sales.

13. Defendant Keith Miller holds himself out as the "Manager" of Defendant Power Sweep, LLC in which capacity he has controlled the day-to-day operations of Defendant. Specifically, during this time period, Miller (1) had the power to hire and fire Plaintiff and the Class Members; (2) controlled the amount Plaintiff and the Class Members were to be paid for each hour of work; and (3) regularly controlled and established company rules for Plaintiff and the Class Members.

14. Plaintiff was employed by Defendants during the FLSA's statutory period, during the past three years, and until he was terminated on approximately September 21, 2017.

15. In this capacity, Plaintiff's primary duty was to perform the work as a "Helper" and to conduct parking lot sweeps outside at Defendants' job sites. Plaintiff performed non-discretionary tasks as he was assigned and instructed at regular meetings. Plaintiff primarily was employed to perform manual labor tasks and never supervised, hired, nor directed the work of two or more of Defendants' employees.

16. Plaintiff routinely worked over 40 hours per week. In fact, he was often required to work in excess of 50 hours in weeks covered by this lawsuit and for Defendants. However, he was not paid overtime for doing so. Rather than pay Plaintiff at lawful overtime rates for this overtime worked, Defendants paid Plaintiff on a day rate basis and without regard to Plaintiff's actual hours of work. Consequently, Plaintiff was required to work numerous hours at hourly rates below the lawful minimum wage or without any compensation at all. Defendants knew that Plaintiff worked in excess of 40 hours per week and they allowed and directed him to do so.

17. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week and lawful minimum wage. Defendants are aware of the FLSA's requirements and chose not to pay Plaintiff lawfully. Defendants received complaints regarding the excessive work hours and lack of overtime pay. Defendants willfully treated Plaintiff as exempt from the FLSA and refused to pay him lawful minimum wages and overtime pay and in accordance with the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were all paid on a day rate basis and not paid overtime premium pay for their overtime hours worked. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff.

19. Defendants' failure to pay Plaintiff and the Class Members at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job title,

requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week and lawful minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

20. Defendants knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation and minimum wage with respect to Plaintiff and the Class Members.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees. Defendants acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

### VIII. RELIEF SOUGHT

22. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

    b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

    d.    For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jay Forester

**FORESTER HAYNIE PLLC**

J. FORESTER
ATTORNEY IN CHARGE
Texas Bar No. 24087532
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document will be served on Defendants with the summons for this lawsuit.

/s/ J Forester